**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ENDO PAR INNOVATION COMPANY, LLC; PAR PHARMACEUTICAL, INC.; and PAR STERILE PRODUCTS, LLC,
*Plaintiffs*,

v.

BPI LABS, LLC and BELCHER PHARMACEUTICALS, LLC,
*Defendants*.

Case No. 8:23-cv-1953-WFJ-TGW

**CASE MANAGEMENT REPORT IN PATENT CASES**

The parties have agreed on the following dates and discovery plan pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 3.02(a)(2):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000) | February 2, 2024 |
| Certificate of Interested Persons and Corporate Disclosure Statement | Done |
| Defendants' Production of New Drug Application and Supplement thereto[1] | January 19, 2024 |
| Motions to Add Parties or Amend Pleadings | April 12, 2024 |

[1] The parties agree that Defendants' New Drug Application shall be produced on an "Outside Counsel's Eyes Only" basis until such time as a Protective Order is entered in this case.

| **DEADLINE OR EVENT** | **AGREED DATE** |
|---|---|
| Disclosure of Initial Infringement Contentions | March 12, 2024 |
| Disclosure of Initial Non-Infringement and Invalidity Contentions | April 12, 2024 |
| Initial Identification of Disputed Claim Terms | May 10, 2024 |
| Proposed Claim Term Constructions | June 7, 2024 |
| Joint Claim Construction Statement | June 21, 2024 |
| Technology Tutorial Conference<br><br>(if requested, insert date; otherwise, leave blank) | |
| Plaintiff's Claim Construction Brief | July 19, 2024 |
| Defendant's Response Brief | August 16, 2024 |
| Joint Pre-Hearing Statement | August 23, 2024 |
| Claim Construction Hearing | September 12, 2024 |
| Disclosure of Intent to Rely on Advice of Counsel as a Defense; Amendment of Infringement, Non-Infringement and Invalidity Contentions; and Disclosure of Expert Reports on Issues Where the Party Bears the Burden of Proof | December 12, 2024 |

| **DEADLINE OR EVENT** | **AGREED DATE** |
|---|---|
| Disclosure of Rebuttal Expert Reports | January 23, 2025 |
| Fact Discovery Deadline | November 14, 2024 |
| Expert Discovery Deadline | February 20, 2025 |
| Dispositive Motions | April 17, 2025 |
| Witness Lists, Exhibit Lists and Opening Deposition Designations to be exchanged | May 8, 2025 |
| Responses to Dispositive Motions | May 15, 2025 |
| Objections to Witness Lists, Exhibit Lists, Deposition Designations as well as Deposition Counter Designations to be exchanged | May 22, 2025 |
| Replies in Support of Dispositive Motions | May 29, 2025 |
| Responses to Objections to Witness Lists, Exhibit Lists, Opening Deposition Designations as well as Replies to Deposition Counter Designations | June 5, 2025 |
| Parties' Deadline to Meet and Confer *In Person* to Prepare Joint Final Pretrial Statement | May 30, 2025 |
| Parties' Deadline for Filing Joint Final Pretrial Statement (*Including* Voir Dire Questions, a Single Set of Jointly-Proposed Jury Instructions and Verdict Form (also email to chambers_FLMD_Jung@flmd.uscourts.gov), Witness Lists, | June 11, 2025 |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Exhibit Lists with Objections on Approved Form); Trial Briefs (are not mandatory) | |
| Parties' Deadline for Filing All Other Motions Including Motions *In Limine* [All requests to limit evidence shall be included in a single motion not to exceed 25 pages without leave of Court. Responses are limited to 20 pages without leave of Court. | June 12, 2025 |
| Responses to Motions in Limine to be filed | June 26, 2025 |
| Replies in Support of Motions in Limine to be filed | July 3, 2025 |
| Final Pretrial Conference | Court will set a date 3 weeks before trial |
| Trial Term Begins | August 18, 2025 |
| Estimated Length of Trial [trial days] | 5 |
| Jury / Non-Jury | Non-Jury |
| Mediation Deadline:<br>Mediator: Gregory P. Holder (See Doc. 26)<br>Address: 1511 N. Westshore Blvd., Suite 700<br>Tampa, FL 33607<br><br>Telephone: 855-678-3529 | April 30, 2025 |

| DEADLINE OR EVENT | AGREED DATE |
| --- | --- |
| All Parties Consent to Proceed Before Magistrate Judge | Yes__No_X_ |

## I. Meeting of Parties in Person

Pursuant to Local Rule 3.02(a)(1), a meeting was held via telephone on January 10, 2024 (date) at 3:00PM (Eastern) (time) and was attended by:

| Name | Counsel for (if applicable) |
| --- | --- |
| Aziz Burgy | Plaintiffs |
| Taras Gracey | Defendants |

## II. Pre-Discovery Initial Disclosures of Core Information Fed.R.Civ.P. 26(a)(1)(A) - (D)

**Disclosures**

Fed.R.Civ.P. 26, as amended effective December 1, 2022, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.02, to the extent that Rule 3.02 opts out of the mandatory discovery requirements):

The parties _____ have exchanged __X__ agree to exchange (check one)

information described in Fed.R.Civ.P. 26(a)(1)(A) - (D) by February 2, 2024.

Below is a description of information disclosed or scheduled for disclosure.

**III. Electronic Discovery**

The Court will enter a separate Order regarding electronic discovery. The parties may move to modify the Court's standard Order by separate motion within two (2) weeks of its issuance.

**IV. Agreed Discovery Plan for Plaintiffs and Defendants**

**A. Certificate of Interested Persons and Corporate Disclosure Statement**

This Court has previously ordered each party, governmental party, intervenor, non- party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper "including emergency motion" is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains

current:

__X__ Yes _______No

Amended Certificate will be filed by_______(party) on or before_____date).

**B. Discovery Not Filed**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03 (f). The parties further agree as follows:

**C. Limits on Discovery**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed.R.Civ.P. 33(a); Local Rule 3.03(a). Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed.R.Civ.P. 30(d)(2). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed.R.Civ.P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

**1.** Depositions

**2.** Interrogatories

**3.** Document Requests

**4.** Requests to Admit

**5.** Supplementation of Discovery

**D. Discovery Deadline**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

**E. Disclosure of Expert Testimony**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

**F. Confidentiality Agreements**

The Court will enter a separate Order regarding electronic discovery. The parties may move to modify the Court's standard Order by separate motion within two (2) weeks of its issuance.

**G. Other Matters Regarding Discovery**

The parties represent that they expect their respective witnesses to be available for deposition in the United States.

**VI. Settlement and Alternative Dispute Resolution.**

**A. Settlement**

The parties agree that settlement is ___ likely X unlikely (check one)

The parties request a settlement conference before a United States Magistrate Judge

_____yes ______no X likely to request in future

**B. Arbitration**

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

____ yes X no ____ likely to agree in future

_______ Binding _________ Non-Binding

**C. Mediation**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk and is posted on the Court's web site at http://www.flmd.uscourts.gov.

**D. Other Alternative Dispute Resolution**

The parties intend to pursue the following other methods of alternative dispute resolution:

Date: January 12, 2024

Signature of Counsel (with information required by Local Rule 1.05(d)) and
Signature of Unrepresented Parties.

s/*Michael E. Lockamy*
Michael E. Lockamy
Florida Bar No. 69626
mel@bedellfirm.com
John G. Woodlee
Florida Bar No. 0100990
jgw@bedellfirm.com
BEDELL, DITTMAR, DEVAULT,
PILLANS & COXE, P.A.
101 East Adams Street
Jacksonville, FL 32202
Telephone: (904)353-0211
Facsimile: (904) 353-9307

Aziz Burgy*
AXINN, VELTROP &
HARKRIDER LLP
1901 L Street NW
Washington, DC 20036
Telephone: (202) 912-4700
Facsimile: (202) 912-4701
aburgy@axinn.com

Matthew J. Becker*
AXINN, VELTROP & HARKRIDER
LLP
90 State House Square
Hartford, CT 06103
Telephone: (860) 275-8100
Facsimile: (860) 275-8101
mbecker@axinn.com

Ricardo S. Camposanto*
AXINN, VELTROP &
HARKRIDER LLP
55 Second Street
San Francisco, CA 92105
Telephone: (415) 490-1518

s/*Taras A. Gracey*
Taras A. Gracey*
JMT LEGAL SERVICES, LLC
205 North Michigan Avenue, Suite 810
Chicago, IL 60601
Telephone: (312) 818-3088
tgracey@jmtlegalservices.com

*admitted *pro hac vice*

Mindi M. Richter
Florida Bar No. 00044827
SHUMAKER, LOOP & KENDRICK, LLP
101 East Kennedy Boulevard, Suite 2800
Tampa, FL 33602
Telephone: (813) 229-7600
Facsimile: (813) 229-1660
mrichter@shumaker.com

*Attorneys for Defendants BPI Labs, LLC and Belcher Pharmaceuticals, LLC*

Facsimile: (415) 490-2001
rcamposanto@axinn.com

**admitted pro hac vice*

*Attorneys for Plaintiffs Endo Par Innovation Company, LLC; Par Pharmaceutical, Inc.; and Par Sterile Products, LLC*